**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JAMES SAXON, ET AL.                    CIVIL ACTION NO.  06-2339

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

RONALD C. THOMAS, ET AL.               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is an appeal by Robert C. Thomas, C & H Powerline Construction, Inc., and American Home Assurance Company (hereinafter collectively referred to as "the defendants") of Magistrate Judge Hornsby's Memorandum Ruling.  [Doc. 18].  On April 12, 2007, Magistrate Judge Hornsby issued a Memorandum Ruling granting James Saxon's, Jackie Saxon's, and Margie Greening's (hereinafter collectively referred to as "the plaintiffs") Motion to Remand and ordering the law firm representing the defendants to pay $1,000 in attorney's fees and costs caused by the removal.  Based on the following, the magistrate judge's Memorandum Ruling and Order of Remand are **AFFIRMED**.

This suit was originally filed on November 15, 2006 in the Eleventh Judicial District Court, DeSoto Parish, Louisiana (Docket No. 67324).  [Doc. 1].  American Home Assurance Company filed a Notice of Removal on December 14, 2006 and a Removal Order was entered by this Court on December 15, 2006.  [Docs. 3 & 8].  On December 21, 2006, the magistrate judge issued a Memorandum Order observing that both the petition and the defendants' notice of removal presented insufficient facts "to meet the removing parties' burden of establishing that at least one plaintiff's claim puts more than $75,000 in controversy."  [Doc. 9 at 1].  The defendants filed an Amended Notice of Removal on

February 2, 2007.  [Doc. 10].  On February 13, 2007, the plaintiffs filed a Motion to Remand, arguing that the notices of removal were defective and that the defendants had failed to prove that the amount in controversy exceeded $75,000.  [Doc. 11].  On April 12, 2007, Magistrate Judge Hornsby granted the plaintiffs' Motion to Remand, stating that the defendants had not satisfied their "burden of showing that it is more likely than not that the amount in controversy exceeds $75,000."  [Doc. 15 at 10].  Further, the magistrate judge noted that the "defendants did not have an objectively reasonable basis to seek removal of this case" and had a history of filing "bare bones removals;" thus, he ordered the law firm representing the defendants to pay $1,000 in attorney's fees and costs to the plaintiffs for expenses incurred as a result of the wrongful removal.  [Doc. 15 at 11-13].  The defendants now appeal Magistrate Judge Hornsby's ruling.

Specifically, the defendants argue on appeal that the plaintiffs' failure to stipulate that their damages do not exceed $75,000 necessarily defeats the Motion to Remand.  Alternatively, the defendants ask the Court to order that the plaintiffs immediately sign a stipulation that their damages do not exceed $75,000 and to reverse the award of sanctions.  Conversely, the plaintiffs argue that the defendants' "bare bones" removal was insufficient to survive the Motion to Remand, as the amount in controversy in this case was not facially apparent from the state court petition and the amended removal order did not set forth facts sufficient to support a finding of the requisite amount in controversy.

The ruling by Magistrate Judge Hornsby on the Motion to Remand is a non-dispositive matter.  This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide.  Magistrate Judge Hornsby's Memorandum Ruling is not a

recommendation to the district court; rather, it is an order on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992).  This Court will review Magistrate Judge Hornsby's legal conclusions de novo, and will review his factual findings for clear error.  See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

This Court has an independent duty to examine the basis for its subject matter jurisdiction.  See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). Moreover, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).  By law, a plaintiff in a Louisiana state court cannot specify a numerical value of his claim for damages.  See id., citing La. C.C.P. Art. 893.  Thus, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  Id. (internal citation omitted).  The defendant may achieve this showing in two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, *or* (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Id. (internal citation and quotation omitted) (emphasis added).

After a thorough review of the record, the Court finds that whether it applies a *de novo* or clearly erroneous standard, Magistrate Judge Hornsby's ruling was proper, as the

record clearly demonstrates that the defendants have not met their burden of establishing that the requisite amount in controversy was facially apparent from the state court petition. Likewise, the defendants, in their removal orders, have not set forth facts sufficient to support a finding that at least one plaintiff satisfies the requisite amount in controversy. Here, the pleadings simply do not establish that the money value of the claims exceeds $75,000.  The state court petition only provides general categories of damages sought without any detail as to the injury, medical expenses, or other losses.  Moreover, the amended notice of removal does nothing more than repeat that the plaintiffs suffered damages that fell within various categories such as physical pain and suffering, medical expenses, and disability.  Such listings alone simply do not suffice to establish the amount in controversy.

In their untimely opposition to the Motion to Remand and in their appeal of the magistrate judge's ruling, the defendants have focused on the injuries to plaintiff Margie Greening ("Ms. Greening").  The record reveals that about four months after the car accident at issue in this case, Ms. Greening's knee showed a complex tear in the lateral meniscus posterior horn.  Thus, in the appeal, the defendants have relied heavily upon two cases, Younce v. Pacific Gulf Marine, Inc., 817 So.2d 255 (La. App. 4th Cir. 2002), and Corliss v. Elevating Boats, 599 So.2d 434 (La. App. 4th Cir. 1992), for the argument that damages for a torn medial meniscus exceed the jurisdictional minimum. [Doc. 18 at 3].  In Younce and Corliss, the court awarded damages of $68,000 and $75,000, respectively; however, both cases are factually distinguishable from the instant matter.  In both Younce and Corliss, the plaintiffs underwent surgery and, in Younce, there was a specific finding

of a 5% to 10% partial disability.[1]  Such is not the case in the instant matter, as Ms. Greening has refused surgery for her knee injury and the record reflects no evidence of continuing pain to any significant degree.

In appealing the magistrate judge's ruling, the defendants also reference two federal district court cases, Martin v. Turner, No. Civ.A. 01-3411, 2003 WL 145531, *1 (E.D.La. Jan. 17, 2003) and Nelson v. Family Dollar Stores of Louisiana, Inc., No. Civ.A. 04-2146, 2005 WL 517504, *1 (E.D.La. 2005), in support of their argument that "it is facially apparent that given the nature of the plaintiffs' injuries that the jurisdictional amount in controversy is met." [Doc. 18 at 5-6].  Yet, once again, both cases are distinguishable.  In Martin, while the court noted the importance of litigants filing a binding stipulation or affidavit attesting that the amount in controversy does not exceed $75,000 to prevent removal, the court also stated that the defendant has the burden of establishing, by a preponderance of the evidence, that the amount in controversy is sufficient to confer jurisdiction to federal courts.  See Martin, 2003 WL 145531, *2.  The Martin court also acknowledged that it was handling a case where it was facially apparent from the allegations in the petition that the plaintiffs' claims exceeded $75,000.  See id. Such claims included two adult plaintiffs seeking compensation for residual disability, reduced earning capacity, and lost wages.  See id., *1.  The petition also contained allegations that the car accident at issue in the case caused one of the plaintiffs to suffer complications with her pregnancy, namely the premature birth of her daughter, and that the minor child suffered from a heart murmur and developmental problems as a result of her premature birth.  See

---

[1]As noted by the magistrate judge, the appellate decision in Younce was reversed by the Supreme Court of Louisiana at 827 So.2d 1144 (La. 2002).

id.  The court ultimately denied the motion to remand because it was facially apparent from the petition that the claims exceeded $75,000, reasoning:

> At this point, the plaintiffs' post removal efforts to persuade the Court that their claims will be less than $75,000.00, are not meritorious.  If the plaintiffs wanted to ensure that their claims remained in state court, they could have easily filed a binding stipulation with the petition.  However, since they has [sic] neglected to do so, they are bound to the description of their claims as set forth in the petition, which clearly indicates a recovery in excess of the jurisdictional amount.

Id., *2.

In Nelson, the court again noted that a plaintiff may file a binding stipulation or affidavit in a Louisiana state court along with the petition in order to prevent removal and that all "jurisdictional facts must be judged at the time of removal."  Nelson, 2005 WL 517504, *1-2.  Specifically, the court stated that subsequent reductions of the amount claimed would not preclude the district court's jurisdiction and that courts should not weigh post-removal events in determining whether the amount in controversy is met.  See id. at *2.  The petition in Nelson alleged that the plaintiff was suffering from "serious, progressive and disabling injuries consisting of headaches, dizziness, blurred vision in the left eye, cervical spine strain and general bruises and contusions about her body" and sought damages for "physical pain and suffering, mental anguish and distress, lost wages, loss of earning capacity, medical expenses and other reasonable damages."  Id.  Based on these allegations, the court reasoned that "the number and nature of the alleged injuries and damages sought weigh in favor of finding that it is facially apparent from plaintiff's petition that the amount in controversy exceeds $75,000."  Id.

Martin and Nelson are cases where it was facially apparent from the state court petition that the requisite amount in controversy was met, as both cases dealt with more

severe injuries and types of damages not sought, such as lost wages and reduced earning capacity, in the case *sub judice*.  Further, the references made in <u>Martin</u> and <u>Nelson</u> to a binding stipulation or affidavit do not necessitate a reversal of the magistrate judge's ruling in this case.  The plaintiffs in those cases were attempting, post-removal, to stipulate to damages below $75,000 in order to defeat the allegations, or jurisdictional facts, set forth in their petitions, wherein it was facially apparent that the claims established the $75,000 requisite jurisdictional amount.  Yet, in the instant matter, it appears that any late attempt by the plaintiffs to limit their damages is not meant to defeat what was plead in their petition, but rather to clarify the jurisdictional facts plead in their petition, facts which simply do not support a finding of the requisite amount in controversy.  <u>See</u> <u>Nelson</u>, 2005 WL 517504, *2 (stating that "although a court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal, a court may not consider post-removal events in determining whether the amount in controversy is met.").  Here, even if the Court follows the reasoning of <u>Nelson</u> and holds the plaintiffs "to the description of their claims as set forth in the petition," the Motion to Remand was properly granted because the petition itself is not facially apparent.  Accordingly, neither <u>Martin</u> nor <u>Nelson</u> convinces this Court that the defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The defendants further contend that they removed the instant case in good faith and that the award of sanctions should be reversed. [Doc. 18 at 6].  Yet, this Court has reviewed with great detail the cases outlined in the magistrate judge's ruling and agrees that such cases evidence a law firm that continues to file defective, bare bones removals. Again, the imposition of sanctions was proper, whether viewed under a *de novo* or clearly

erroneous standard, as this case presents an unusual circumstance wherein the defendants did not have an objectively reasonable basis for removal.  As stated by the magistrate judge, the defendants removed prematurely and should have waited to remove until they received an amended pleading or other paper that made it "unequivocally clear and certain" that more than $75,000 was in controversy.  See Bosky v. Kroger Texas, L.P., 288 F.3d 208, 211 (5th Cir. 2002).  The imposition of the $1,000 award of attorney's fees and costs, to be paid by the  Ungarino and Eckert firm and not the clients, was appropriate in this case, as such order served the purpose of deterring the firm from continuing to file poorly prepared, defective notices of removal.

Based on the foregoing, Magistrate Judge Hornsby's Memorandum Ruling [Doc. 15] and Order of Remand [Doc. 16] of April 12, 2007 are **AFFIRMED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of June, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE